Sutton *v.* Dillaye.

SAME TERM. *Before the same Justices.*

SUTTON *vs.* H. A. DILLAYE and F. C. DILLAYE.

Knowledge of a particular fact, acquired by an agent, in the course of business, is the knowledge of the principal.

After the dissolution of a partnership one of the partners cannot bind the other by an agreement to collect moneys, in the copartnership name, for a third person having knowledge of the dissolution.

Such an agreement has no necessary or legitimate connexion with the winding up of the business of the copartnership.

Parol evidence cannot be given of the contents of a judgment record.

ERROR to the Madison common pleas. George W. Sutton sued Henry A. Dillaye and Frederick C. Dillaye before a justice of the peace. The summons was served on F. C. Dillaye only; and he alone appeared. The declaration was in writing, and stated, in the first count, that on the 30th of October, 1844, the plaintiff delivered to the defendants a certain unpaid promissory note, made by one Lucien B. Warner, dated January 8th, 1844, for the sum of $16, with interest, to be collected by the defendants for a reasonable reward, and the proceeds paid over to the plaintiff when collected. Averment that the defendants did collect and receive the moneys due upon the note, but had refused to pay the same to the plaintiff. The second count alleged that the defendants having been partners as merchants and dealers in dry goods, at the town of De Ruyter, under the

name of H. A. & F. C. Dillaye, were engaged in and about the collection, adjustment and settlement of their partnership business, and having demands due and unpaid against Lucien B. Warner, not sufficiently large to sue or collect in the supreme court without subjecting themselves to the payment of their own costs, did, for the purpose of making their demands sufficiently large to be sued and collected in that court, take and receive from the plaintiff a certain unpaid promissory note, the property of the plaintiff, made by said Warner and payable to one Joshua Smith or bearer, dated January 8th, 1844, for the sum of $16 with use; so that the defendants might put such note with their demands against Warner, and sue for or collect the same as aforesaid; and that the defendants promised and agreed to account to the plaintiff for the amount of such note, and to pay the same over to him when collected or received. Averment that the defendants did collect the note, but refused to pay over the proceeds. The common money counts were added. The defendant F. C. Dillaye pleaded the general issue, and gave notice of set-off, and that he would give in evidence that if any agreement was entered into between the parties, the same, as regarded that defendant, was void by the statute of frauds; that if Henry A. Dillaye obtained any note for the purpose spoken of in the plaintiff's declaration, it was after the defendants had dissolved partnership; and that the same was known to the public and also to the plaintiff; that F. C. Dillaye never had any thing to do with the obtaining of such note from the plaintiff, and never gave any authority to Henry A. Dillaye, or any other person, to obtain the same, and never received any thing upon, or in payment of, such note, nor sued thereon; and that if the note was ever received by the defendants the plaintiff had received his pay. The cause was tried by a jury. On the trial the plaintiff proved that the defendants were partners in the mercantile business in the town of De Ruyter, for several years previous to 1843; that the partnership was dissolved in the fall of 1843. Charles Farrington testified that he was a clerk for the defendants in 1842; they were then in partnership under the name of H. A. & F. C. Dillaye; that

Sutton *v.* Dillaye.

in the fall of 1844 the witness was a clerk for the plaintiff. A paper was then produced, the signature to which he swore was in the hand-writing of the defendants. The defendants' counsel objected to the reading of the paper; but the justice decided it to be admissible for the purpose of charging H. A. Dillaye. The witness further testified that the paper was presented at Sutton's store in the fall of 1844, by a little boy. The paper was then read in evidence, and is in these words: "If you want to include your note against Lucien B. Warner, in our suit, you will please send it by the bearer, as we are going to sue him.

H. A. & F. C. DILLAYE."

That the note was accordingly sent by the boy. The witness testified as to the contents of the note mentioned in the paper; he was a clerk of Sutton's at the time the note was delivered, and was in the habit of receiving money. The witness was then asked if he knew, at the time, that the defendants had dissolved partnership. The question was objected to, and the objection sustained. The witness testified that he thought the plaintiff knew that fact at the time. Charles B. Colton, a clerk in the plaintiff's store, testified to a conversation between Sutton and F. C. Dillaye, at Sutton's store, about the first of May, 1846. Sutton asked him if he could pay that money now. Dillaye said it was Henry A. Dillaye's matter and did not belong to him, as Henry was settling up the old concerns. Sutton charged Dillaye with having the money since last fall. Dillaye asked Sutton how he knew it. Sutton said, by one of his neighbors. Dillaye said, we have not had the money but a little while; and as he was going out of the door, after an angry conversation, Dillaye turned to Sutton and said, "if you have any more notes to collect send them up, and we'll collect them for you." Benj. Birdsall testified that he was a clerk for H. A. & F. C. Dillaye. That notice of the dissolution of the partnership was given by posting up printed notices in various places in town, in October, 1843; that the notices were stuck up in the store, at the two taverns, and witness thought at all the groceries; but not in any other way, to his knowledge, except verbally; that the plaintiff and the defendants had exchanged goods with each

Sutton v. Dillaye.

other previous to the dissolution. Alanson Coats was also examined as a witness, and testified to the contents of a judgment record in the supreme court, in which judgment the note against Warner was included. This testimony was objected to by the defendants. The defendant F. C. Dillaye moved for a nonsuit, which motion was denied ; and the jury found a verdict for the plaintiff for $16. And judgment was rendered for that sum by the justice. On certiorari the common pleas reversed that judgment.

*Duane Brown*, for the plaintiff in error.

*S. A. Dillaye*, for the defendants in error.

*By the Court*, GRIDLEY, J. It cannot be maintained that F. C. Dillaye was responsible upon the undertaking of his brother to collect the plaintiff's note, and account for the moneys collected. It is true that the proposition to collect the note was signed in the name of the copartnership firm ; but it is equally true that the transaction occurred a year after the partnership was dissolved, and after the plaintiff must have had notice of the dissolution. He was a neighboring merchant in a small village, and the notice, given in the manner stated by Birdsall, must have reached him. Besides, the plaintiff's knowledge of the dissolution was proved by his own witness, Farrington. Again ; it was offered to be proved by showing that Farrington, his clerk and agent, who, in his behalf, parted with the note on the proposition to receive and collect it, was aware of the dissolution when he placed the note in the hands of H. A. Dillaye. This offer was *erroneously rejected ;* for the knowledge of the agent is the knowledge of the principal. And for this reason alone the judgment of the justice was properly reversed. (2 *Hill*, 464. *Jeffrey* v. *Bigelow*, 13 *Wend.* 518.) I assume, however, for the purpose of this argument, that the plaintiff had knowledge of the dissolution : and then it seems to me clear, 1st. That H. A. Dillaye had no right after the partnership was dissolved, to bind his late copartner, by an agreement to collect

moneys in the copartnership name, for a third person. Such an agreement had no necessary or legitimate connexion with the winding up of the old business. (2 *John.* 302. 3 *Id.* 536. *National Bank* v. *Norton,* 1 *Hill,* 572.) 2dly. That the action cannot be maintained upon the ground that the proceeds of the note went into the copartnership funds, and were used for the benefit of the firm. That H. A. Dillaye had borrowed notes and collected them in the same suits in which he had prose- cuted demands belonging to the late firm, imposed no obliga- tion upon the other copartner whose name had been improperly used. The latter part of the proposition is not proved. There is no evidence that any part of the proceeds of the note in ques- tion was ever applied for the benefit of the firm. The alleged confessions of F. C. Dillaye do not establish this position. They were the *taunting* and *ironical* remarks of a man, uttered in the midst of a conversation in which he was denying, in the strongest terms, that he had the slightest connexion with the transaction out of which the plaintiff's claim arose, or that the money had ever been used for the benefit of the firm of which he had been a member. The entire scope of his remarks was, that he was a total stranger to the transaction, and that the mat- ter was the individual and exclusive concern of his brother. He treated the claim which the plaintiff made upon him with scorn, and denounced it as an insult, alleging as a reason that it was " *Harry's concern,*" and not his. It would be strange indeed, if under such circumstances, he should intentionally admit that *he* had any part in the collection of the note, or in the use of the money. But he did *not.* The remarks relied on as ad- missions, are obviously *ironical,* and are a far more forcible re- pudiation of his own liability than would have been a simple denial of it. They may not have been made in the best temper or taste; but to construe them as *admissions,* would be to tor- ture them into a meaning directly opposite to that which they were intended to express.

The process in this case was served on F. C. Dillaye only. This would seem, therefore, to be an attempt to collect of him a demand which was the proper debt of his brother to pay; and

who, moreover, had never been called on to pay it, so far as any light is thrown upon that point by the evidence in the cause.

There was another error which appears to·us to present an unquestionable ground for reversing the judgment of the justice; and that consists in permitting the witness, Coats, to testify to the contents of a judgment record, notwithstanding an objection duly made.

Upon the whole, we think that the judgment of the common pleas should be affirmed.

---

SAME TERM.    *Before the same Justices.*